BuefiN, J.
 

 If the facts would constitute a defense, it would bo unavailing here, as there is no plea of readiness on the part of the defendant. But, in truth, if there had been that plea,
 
 *551
 
 it would not have been a bar upon these facts. The instrument was treated at the trial, as if it were a contract to deliver specific articles of a certain value, at a particular day, at one of several places ; and it was held, that having the articles at one of the places at the day, answered the plaintiff’s demand, although the defendant gave him no notice of the kind of articles, or at which plantation they were, nor even set them apart for him. It is not necessary to pass on the correctness of the proposition, because the Court considers that the nature of the contract was entirely misapprehended. It is not a contract to deliver specific articles of any kind. On the contrary, the defendant’s engagement is to pay the sum of one hundred and fifty dollars on a certain day, with a proviso that the debt, instead of being paid in money, might be discharged in any good trade, delivered at any one of several certain places. It is in the nature, therefore, of an obligation with a condition, and the burden is, consequently, thrown on the defendant of being the actor, so as to save, him the benefit .of the condition. The plaintiff has the defendant bound to pay the money, unless he shall make the payment in “ trade” as specified, or offer to do it. It laid on the defendant, therefore, to give notice of the place, where he would have the goods, and to have them there, duly set apart for the plaintiff. Then the. plaintiff could have taken them at any time, and they would have been at his risk; while, on the principle, ruled at the trial, the defendant keeps both his money and
 
 “
 
 trade” and the whole debt is lost to the plaintiff; a position too unjust to be law.
 

 PeR Cueiam, Judgment reversed, and
 
 venire de
 
 novo.